**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

C.L. KING & ASSOCIATES, INC.,

                        Plaintiff,

- against –

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

                        Defendant.

Case No. 18-cv-00785-TJM-DJS

## STIPULATION AND ORDER SUBSTITUTING PLAINTIFF AND AMENDING CAPTION

WHEREAS, C.L. King & Associates, Inc. ("C.L. King"), commenced this action in the Supreme Court of the State of New York, County of Albany, as a creditor of William F. Nicklin (the "Debtor"), seeking to recover payments made or property transferred by the Debtor alleged to be fraudulent conveyances under article 10 of the New York Debtor and Creditor Law; and

WHEREAS, this action has been removed to this Court; and

WHEREAS, on January 18, 2019, the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York, case no. 19-35092 (CGM) (the "Bankruptcy Court"), and a bankruptcy estate of the Debtor was created under section 541(a) of the Bankruptcy Code; and

WHEREAS, at the meeting of creditors held under section 341(a) of the Bankruptcy Code on February 21, 2019, Daniel J. Ventricelli (the "Trustee") was duly elected under section 702 of the Bankruptcy Code as the permanent chapter 7 trustee of the bankruptcy estate of the

*375269v1*

Debtor; and thereafter he qualified as the chapter 7 trustee and is currently acting in such capacity; and

WHEREAS, pursuant to section 544(b) of the Bankruptcy Code, the Trustee has the right to avoid any transfer of an interest of the Debtor in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under the Bankruptcy Code; and

WHEREAS, by operation of law, C.L. King has been divested of standing to prosecute actions to recover fraudulent conveyances made by the Debtor and similar claims for relief, and the Trustee is the sole person authorized by law to prosecute such actions; and

WHEREAS, the parties by and through their respective undersigned counsel, have agreed, subject to the approval of this Court, that the Trustee should be substituted for C.L. King as the plaintiff in this action, and that the caption of this action should be amended to reflect such substitution;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows:

1. Pursuant to Rule 25(c) of the Federal Rules of Civil Procedure, the Trustee is substituted for C.L. King as the plaintiff in the above action, and C.L. King shall no longer be a party to the above action. The Trustee shall be deemed the successor in interest to all pleadings and other papers heretofore filed by C.L. King, and such pleadings and papers shall be treated as having been filed by the Trustee, unless and until amended or withdrawn by the Trustee in accordance with the applicable Federal Rules of Civil Procedure and the Local Rules of this Court. The Trustee acknowledges that the undersigned counsel for C.L. King has asserted a lien, pursuant to section 475 of the New York Judiciary Law, on the claims for relief asserted by C.L. King in the above action. The Trustee and the undersigned counsel for C.L. King agree that such lien shall continue to attach to such claims for relief notwithstanding the substitution provided

for herein, that the determination of the validity and extent of such lien shall be deferred, and that any controversy arising from or related to such lien shall be determined by the Bankruptcy Court.

2. The clerk is respectfully requested to amend the caption of the above action to identify the plaintiff as "Daniel J. Ventricelli, as Trustee of the Bankruptcy Estate of William F. Nicklin, Debtor" as the plaintiff as of the date of the entry of the order approving this stipulation.

3. Upon the amendment of the caption, all further papers filed in this action shall use the caption identifying the plaintiff as "Daniel J. Ventricelli, as Trustee of the Bankruptcy Estate of William F. Nicklin, Debtor" or an appropriate abbreviation thereof.

4. This stipulation shall not affect any substantive rights of the parties or any procedural rights of the parties not specifically addressed herein.

Dated: September 27, 2019

| SEYFARTH SHAW LLP | BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI, LLP |
|---|---|
| By: __/s/ Edward M. Fox___<br>Edward M. Fox<br>emfox@seyfarth.com<br>Attorneys for C.L. King<br> & Associates, Inc.<br>620 Eighth Avenue<br>New York, New York 10018<br>Tel. (212) 218-4646<br>Fax (917) 344-1339 | By: _/s/ Alec P. Ostrow_____<br>Alec P. Ostrow<br>aostrow@beckerglynn.com<br>Special Litigation Counsel<br> for Trustee<br>299 Park Avenue<br>New York, New York 10171<br>Tel. (212) 888-3033<br>Fax (212) 888-2255 |

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP


By: _/s/ Christopher A. Priore_____
    Peter A. Lauricella
    Peter.Lauricella@wilsonelser.com
    Christopher A. Priore
    Christopher.Priore@wilsonelser.com
    Attorneys for Defendant The Northwestern
    Mutual Life Insurance Company
    200 Great Oakes Boulevard, Suite 228
    Albany, NY 12207
    Tel. (518) 449-8893
    Fax (518) 449-8927


SO ORDERED this  30th  day of
September 2019

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge